IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> CESAR MEDINA SERNA, <br><br> Defendant. | Case No.: 3:15-cr-00388-AN <br><br><br> OPINION AND ORDER |

On June 11, 2024, *pro se* defendant Cesar Medina Serna filed this Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2). The government opposes the motion. For the reasons set forth below, defendant's motion is DENIED.

## LEGAL STANDARD

A court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). This general rule, however, is subject to several exceptions. *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021). One such exception is found in 18 U.S.C. § 3582(c)(2), which states:

> "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing commission."

The Ninth Circuit has established a two-step inquiry to determine if a sentence reduction is appropriate under 18 U.S.C. § 3582(c)(2). *United States v. Brito*, 868 F.3d 875, 879 (9th Cir. 2017). First, the court must determine whether the defendant is eligible for a sentence reduction under the Commission's policy statement in U.S. Sentencing Guideline ("USSG") § 1B1.10. *Id.* at 880. Second, if the defendant is eligible for a sentence reduction, the court must "consider any applicable [18 U.S.C.] § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the

policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.* (internal quotation marks omitted).

## BACKGROUND

On December 7, 2016, defendant pleaded guilty to one count of Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii). Plea Pet. & Order, ECF [24], ¶ 24. Because defendant was convicted of violating 21 U.S.C. § 841(a)(1) and was in possession of a dangerous weapon, the parties stipulated that his applicable sentencing guideline range was determined by USSG § 2D1.1. Plea Agreement, ECF [25], ¶ 11. Defendant's applicable sentencing guideline range was 151 to 188 months imprisonment. Gov't's Resp. to Mot. to Reduce Sentence ("Gov't's Resp."), ECF [37], at 2.

On July 28, 2016, defendant was sentenced to a 135-month incarceration term. J. & Comm., ECF [31], at 2. This was a downward variance based on the 18 U.S.C. § 3553(a) factors. Statement of Reasons, ECF [32], at 3. Defendant's projected release date is June 15, 2025. Gov't's Resp. 2.

## DISCUSSION

Defendant moves to reduce his sentence based on a retroactive amendment to USSG § 4A1.1. On November 1, 2023, the Sentencing Commission amended the sentencing guidelines via Amendment 821. Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254, 28254 (May 3, 2023). Part A, Part B, and Subpart 1 of Amendment 821 apply retroactively. USSG § 1B1.10(d).

Defendant's motion is based on Part A of Amendment 821, which altered USSG § 4A1.1(d). USSG § 4A1.1 governs the calculation of an offender's criminal history points to determine their criminal history category. Former subsection (d), now subsection (e), governs the criminal history points applied to offenders who committed the instant offense while under a criminal justice sentence, also known as "status points." Under the former version of USSG § 4A1.1, criminal history points were assessed based on the following:

> "(a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.

> "(b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).
> "(c) Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this subsection.
> "(d) Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.
> "(e) Add 1 point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was treated as a single sentence, up to a total of 3 points for this subsection."

USSG § 4A1.1 (2018). Under the amended version of USSG § 4A1.1, criminal history points are assessed based on the following:

> "(a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
> "(b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).
> "(c) Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this subsection.
> "(d) Add 1 point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was treated as a single sentence, up to a total of 3 points for this subsection.
> "(e) Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."

USSG § 4A1.1 (2023). In sum, Part A of Amendment 821 modifies the application of status points by (1) limiting their application to offenders who receive seven or more points under subsections (a) through (d), and (2) reducing the points applied from two points to one point.

Defendant had a total of three criminal history points based on one prior conviction. Gov't's Resp. 2. Because defendant did not have seven or more criminal history points, he did not receive status points. *Id.* At sentencing, defendant's three criminal history points placed him in Criminal History Category II. USSG § 5A. If defendant's sentence was determined under amended USSG § 4A1.1, the absence of status points still places him in Criminal History Category II. Thus, Part A of Amendment 821 is not applicable to defendant's sentence, and defendant is not eligible for a sentence reduction.

Because the Court finds defendant ineligible for a reduction in sentence under USSG § 1B1.10, the Court declines to address the 18 U.S.C. § 3553(a) factors. *Brito*, 868 F.3d at 880 (directing

courts to consider 18 U.S.C. § 3553(a) factors only where defendant is eligible for reduction under USSG § 1B1.10).

## CONCLUSION

Accordingly, defendant's Motion to Reduce Sentence, ECF [33], is DENIED.

IT IS SO ORDERED.

DATED this 1st day of August, 2024.

*Adrienne Nelson*
Adrienne Nelson
United States District Judge